# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

SANDRA KAY OBFERGELT,                )
as Executor of the Estate of         )
ROBERT LEON WHITE,                   )
Deceased, and on Behalf of His       )
Surviving Next-of-Kin                )
                                     )
        Plaintiff,                   )
                                     )        CIVIL ACTION NO.
v.                                   )        4:25-cv-00352-WMR
                                     )
CORRECTHEALTH CATOOSA,               )
LLC, LT. GEORGE WOOTEN,              )
CAPT. JAMES STOCKARD,                )
OFFICER CRAIG HAILEY,                )
OFFICER MICHAEL                      )
CHERAMIE, OFFICER ERIC               )
BONE, OFFICER TOWNSON,               )
and "NURSE SANTA CLAUS,"             )
                                     )
        Defendants.                  )

## ANSWER AND DEFENSES OF DEFENDANTS GEORGE WOOTEN, JAMES STOCKARD, HAILEY CRAIG, MICHAEL CHERAMIE, ERIC BONE AND KELLI TOWSON TO PLAINTIFF'S COMPLAINT

COME NOW defendants George Wooten, James Stockard, Hailey Craig,

Michael Cheramie, Eric Bone and Kellie Townson, and hereby files their answer

and defenses to plaintiff's complaint for wrongful death (Doc. 1) showing the Court as follows:[1]

## FIRST DEFENSE

In whole or in part, plaintiff's complaint fails to state a claim against defendants upon which relief can be granted.

## SECOND DEFENSE

Responding to the numbered paragraphs of the complaint, defendants answer as follows:

## INTRODUCTION

1.

Responding to the allegations in paragraph 1 of the complaint, defendants admit that plaintiff is bringing federal and state law claims for the alleged wrongful death of Robert Leon White.  Defendants deny any liability.

## JURISDICTION AND VENUE

2.

Defendants admit the allegations in paragraph 2 of the complaint.

3.

---

[1]     Defendant Hailey Craig is listed as "Craig Hailey" in the complaint.

Responding to the allegations in paragraph 3 of the complaint, defendants admit that the Court has supplemental jurisdiction over the state law claims. Plaintiff has not asserted any state law claims against defendants.

4.

Defendants admit the allegations in paragraph 4 of the complaint.

5.

Defendants admit the allegations in paragraph 5 of the complaint.

**PARTIES**

6.

Defendants can neither admit nor deny the allegations in paragraph 6 of the complaint for lack of sufficient information to form a belief as to the truth thereof, and put plaintiff on strict proof of the same.

7.

Responding to the allegations in paragraph 7 of the complaint, defendants admit that CorrectHealth Catoosa, LLC provided contract medical services at the Catoosa County Jail. Defendants can neither admit nor deny the remaining allegations in paragraph 7 of the complaint for lack of sufficient information to form a belief as to the truth thereof, and put plaintiff on strict proof of the same.

8.

Defendants admit the allegations in paragraph 8 of the complaint.

9.

Responding to the allegations in paragraph 9 of the complaint, defendants admit that the nurse depicted in the screenshot is employed by defendant CorrectHealth of Catoosa, LLC. Defendants can neither admit nor deny the remaining allegations in paragraph 9 of the complaint for lack of sufficient information to form a belief as to the truth thereof, and put plaintiff on strict proof of the same.

10.

Defendants can neither admit nor deny the allegations in paragraph 10 of the complaint for lack of sufficient information to form a belief as to the truth thereof, and put plaintiff on strict proof of the same.

11.

[The complaint does not contain an enumerated paragraph 10.]

12.

Defendants admit the allegations in paragraph 12 of the complaint.

**FACTS**

13.

Responding to the allegations in paragraph 13 of the complaint, defendants admit that Robert Leon White had been to the jail on previous occasions. Defendants can neither admit nor deny the remaining allegations in paragraph 13 of the complaint for lack of sufficient information to form a belief as to the truth thereof, and put plaintiff on strict proof of the same.

14.

Defendants admit the allegations in paragraph 14 of the complaint to the extent the allegations are consistent with the related criminal records for Robert Leon White.

15.

Responding to the allegations in paragraph 15 of the complaint, defendants admit that Defendant George Wooten arrested Robert Leon White and transported him to the jail. Defendants can neither admit nor deny the remaining allegations in paragraph 15 of the complaint for lack of sufficient information to form a belief as to the truth thereof, and put plaintiff on strict proof of the same.

16.

Responding to the allegations in paragraph 16 of the complaint, defendant George Wooten denies the allegations. The other defendants can neither admit nor deny the allegations in paragraph 16 of the complaint for lack of sufficient

information to form a belief as to the truth thereof, and put plaintiff on strict proof of the same.

17.

Defendants deny the allegations in paragraph 17 of the complaint.

18.

Defendants deny the allegations in paragraph 18 of the complaint.

19.

Defendants admit the allegations in paragraph 19 of the complaint to the extent the allegations are consistent with the video of the transfer .

20.

Defendants deny the allegations in paragraph 20 the extent the allegations are inconsistent with the audio of the interaction.

21.

Defendants deny the allegations in paragraph 21 of the complaint.

22.

Defendants deny the allegations in paragraph 22 the extent the allegations are inconsistent with the video of the interaction.

23.

Defendants deny the allegations in paragraph 23 the extent the allegations are inconsistent with the video of the interaction.

24.

Defendant denies the allegations in paragraph 24 of the complaint to the extent the allegations are inconsistent with jail records.

25.

Defendant denies the allegations in paragraph 25 of the complaint to the extent the allegations are inconsistent with jail records.

26.

Defendants deny the allegations in paragraph 26 of the complaint.

27.

Defendant denies the allegations in paragraph 27 of the complaint.

28.

Defendants admit the allegations in paragraph 28 to the extent the allegations are consistent with the criminal prosecution of Erwin Vanegas.

**THEORIES OF LIABILITY**

COUNT I
FOURTEENTH AMENDMENT CLAIM FOR
DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS

29.

Defendants deny the allegations in paragraph 29 of the complaint.

30.

Defendants deny the allegations in paragraph 30 of the complaint.

## COUNT II
### FOURTEENTH AMENDMENT CLAIM FOR
### DELIBERATE INDIFFERENCE TO A RISK OF SERIOUS HARM

31.

Defendants deny the allegations in paragraph 31 of the complaint.

32.

Defendants deny the allegations in paragraph 32 of the complaint.

## COUNT III
### STATE LAW PROFESSIONAL NEGLIGENCE CLAIM
### AGAINST JAIL MEDICAL STAFF

33.

Defendants can neither admit nor deny the allegations in paragraph 33 of the complaint for lack of sufficient information to form a belief as to the truth thereof, and put plaintiff on strict proof of the same.

34.

Defendants can neither admit nor deny the allegations in paragraph 34 of the complaint for lack of sufficient information to form a belief as to the truth thereof, and put plaintiff on strict proof of the same.

35.

Defendants can neither admit nor deny the allegations in paragraph 35 of the complaint for lack of sufficient information to form a belief as to the truth thereof, and put plaintiff on strict proof of the same.

36.

[The complaint does not contain an enumerated paragraph 10.]

37.

Defendants can neither admit nor deny the allegations in paragraph 37 of the complaint for lack of sufficient information to form a belief as to the truth thereof, and put plaintiff on strict proof of the same.

38.

Defendants can neither admit nor deny the allegations in paragraph 38 of the complaint for lack of sufficient information to form a belief as to the truth thereof, and put plaintiff on strict proof of the same.

**DAMAGES**

39.

Defendants deny the allegations in paragraph 39 of the complaint as applied to them.  As applied to the other defendants, defendants can neither admit nor deny

the allegations in paragraph 39 of the complaint for lack of sufficient information to form a belief as to the truth thereof, and put plaintiff on strict proof of the same.

40.

Defendants deny the allegations in paragraph 40 of the complaint as applied to them. As applied to the other defendants, defendants can neither admit nor deny the allegations in paragraph 40 of the complaint for lack of sufficient information to form a belief as to the truth thereof, and put plaintiff on strict proof of the same.

41.

Defendants deny the allegations in paragraph 41 of the complaint as applied to them. As applied to the other defendants, defendants can neither admit nor deny the allegations in paragraph 41 of the complaint for lack of sufficient information to form a belief as to the truth thereof, and put plaintiff on strict proof of the same.

42.

Except as expressly admitted, denied, or otherwise responded to, defendants deny all allegations contained in the complaint.

**THIRD DEFENSE**

Defendants show that they did not violate the rights of Robert Leon White under any provisions of or amendments to the United States Constitution or any other laws.

## FOURTH DEFENSE

Plaintiff's alleged § 1983 claims against defendants are barred as defendants are entitled to qualified immunity.

## FIFTH DEFENSE

Any injuries or damages allegedly sustained by plaintiff and/or Robert Leon White were not directly or proximately caused by any action or inaction of defendants.

## SIXTH DEFENSE

Plaintiff's damage, if any, result solely from the voluntary and intentional conduct of plaintiff or others and not from any conduct of defendants.

## SEVENTH DEFENSE

Defendants assert any and all affirmative defenses set forth in Rule 8(c)(1) of the Federal Rules of Civil Procedure that are or may hereafter be applicable to this action. Defendants reserve the right to plead and prove such other defenses as may become known to them during the course of their investigation and discovery.

## EIGHTH DEFENSE

Defendants reserve the right to plead and prove such other defenses as may become known to them during the course of his investigation and discovery.

WHEREFORE, having fully listed his defenses and having fully answered the complaint, defendants pray as follows:

(a) That judgement be entered in favor of defendants and against plaintiff on the complaint; and

(b) That the Court grant such other and further relief as it may deem just and proper.

**DEFENDANTS DEMAND A JURY TRIAL**

Respectfully submitted this 22nd day of April, 2026.

**FREEMAN MATHIS & GARY, LLP**

/s/ *Sun S. Choy*

Sun S. Choy
Georgia Bar No. 025148
schoy@fmglaw.com
Debi P. Das
Georgia Bar No. 073304

*Attorneys for Defendants George Wooten, James Stockard, Hailey Craig, Michael Cheramie, Eric Bone and Kellie Townson*

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

- 12 -

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1

The undersigned attests that this document was prepared in Times New Roman, 14-point font that complies with this Court's Rules.

This 22nd day of April, 2026.

/s/ *Sun S. Choy*

Sun S. Choy
Georgia Bar No. 025148
schoy@fmglaw.com

*Attorneys for Defendants George Wooten, James Stockard, Hailey Craig, Michael Cheramie, Eric Bone and Kellie Townson*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing **ANSWER AND DEFENSES OF GEORGE WOOTEN, JAMES STOCKARD, HAILEY CRAIG, MICHAEL CHERAMIE, ERIC BONE AND KELLI TOWSON TO PLAINTIFF'S COMPLAINT** to the Clerk of Court using the Court's CM/ECF e-filing system which will automatically send electronic mail notification of such filing to the following parties and counsel of record:

Craig T. Jones
CRAIG T. JONES, P.C.
Post Office Box 66
Savannah, Georgia 31402
craigthomasjones@outlook.com


Amy M. Hoffman
LAVENDER HOFFMAN, LLC
750 Hammond Drive
Building 2, Suite 200
Atlanta, Georgia 30328
ahoffman@lhefirm.com

This 22nd day of April, 2026.


/s/ *Sun S. Choy*
Sun S. Choy
Georgia Bar No. 025148
schoy@fmglaw.com

*Attorneys for Defendants George Wooten, James Stockard, Hailey Craig, Michael Cheramie, Eric Bone and Kellie Townson*

14

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)